UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DANISHA HARRIS; ANTANISHA WILEY; DEONTE MASK; JASON RYAN; individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CHIPOTLE MEXICAN GRILL, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendant. | CIV. NO. 2:13-2472 WBS EFB<br><br><u>MEMORANDUM AND ORDER RE: MOTION FOR MODIFICATION OF SCHEDULING ORDER AND LEAVE TO FILE FIRST AMENDED COMPLAINT</u> |

----oo0oo----

　　　　Plaintiffs Danisha Harris, Antanisha Wiley, Deonte Mask, and Jason Ryan brought this action against defendant Chipotle Mexican Grill, Inc. ("CMGI"), arising out of defendant's allegedly discriminatory employment practices.  Plaintiffs now move to modify the court's Scheduling Order and seek leave to file a First Amended Complaint ("FAC") to add defendants Chipotle

1

Mexican Grill Service Co., LLC, CMG Service Co., LLC, and Chipotle Services, LLC. ("additional defendants").

I.  Factual and Procedural Background

Plaintiffs filed their Complaint on November 26, 2013, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 et seq.; and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940 et seq. (Compl. (Docket No. 1).)  On February 18, 2014, the parties filed a Joint Status Report ("JSR"), in which plaintiffs stated they did not anticipate joining additional parties.  (Docket No. 13.)  Accordingly, the court issued a Status (Pretrial Scheduling) Order ("Scheduling Order") on February 21, 2014, which stated that no further joinder of parties or amendment to pleadings would be permitted except with leave of court and showing of good cause.  (Docket No. 14.)

On May 12, 2014, plaintiffs filed the present motion to join Chipotle Mexican Grill Service ("CMGS") as a defendant. (Docket No. 17.)  In opposing plaintiffs' motion, defendant asserted that no such entity as "Chipotle Mexican Grill Service" exists, but explained for the first time that a succession of entities known as Chipotle Mexican Grill Service Co., LLC; CMG Service Co., LLC; and Chipotle Services, LLC; have employed individuals at defendant's restaurants in California.  (McGawn Decl. ¶¶ 3-8 (Docket No. 19-1).)  In Reply, plaintiffs seek to join these additional defendants.  (Docket No. 20.)  In the interest of judicial economy, the court will construe plaintiffs'

2

initial motion as seeking to add these additional defendants instead of CMGS.

## II. Analysis

Generally, a motion to amend is subject to Federal Rule of Civil Procedure 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However once the district court has filed a Scheduling Order pursuant to Rule 16, which establishes a timetable for amending pleadings, that rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). If the court finds Rule 16 satisfied, it must then evaluate the request to amend under Rule 15(a)'s more liberal standard. Id. at 608. Here, the court must first apply Rule 16(b) because plaintiffs seek to modify the Scheduling Order and join a party after the deadline therein.

### A. Rule 16

Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment," and "[i]f that party was not diligent, the inquiry should end." Johnson, 975 F.2d at 609. Although the court may consider prejudice to opposing party, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

Another judge in this district has found good cause with facts closely mirroring those at hand. In Thompson v. George DeLallo Co., Civ. No. S-12-1058 LKK CMK, 2013 WL 211204,

3

at *4-6 (E.D. Cal. Jan. 16, 2013), the defendant argued that leave to amend to add plaintiff's employer was improper because the plaintiff had received numerous documents indicating that defendant was a fictitious business name for the employer and thus the plaintiff should have known it was not suing the proper party. Id. at *5.  The court, however, rejected this argument, determining that the plaintiff's "errors must be balanced against the defendant's conduct." Id.  Thus, because the defendant possessed detailed information about the plaintiff's employment, defendant's answer asserted defenses consistent with being the employer despite its denial of that allegation, and defendant shared the same address and was closely related to the actual employer, the court found that the plaintiff was diligent because he could not have reasonably foreseen that he sued the wrong entity before the scheduling order deadline. Id. at *6.

Here, defendant similarly argues that plaintiffs were not diligent because plaintiffs knew or should have known that another entity than defendant was their employer.  For example, "Chipotle Mexican Grill Service" was listed on plaintiffs' pay stubs and payroll records that they received in 2012, (Pls.' Mem. at 8:4 (Docket No. 17); Aiwazian Decl. ¶ 7), and plaintiffs' pre-suit administrative filings name both defendant and "Chipotle Mexican Grill Service," (Cavanagh Decl. Exs. A-D (Docket Nos. 19-3-19-6)).  Defendant's Answer also asserted it was not plaintiffs' employer.  (Docket No. 12.)  Nonetheless, plaintiffs represented in the JSR that they did not anticipate joining new parties or amending their complaint.

4

As in Thompson, however, defendant's conduct as well as the close relation between defendant and the entities which plaintiffs seek to join gave plaintiffs a reasonable basis to believe that they had sued the proper party. 2013 WL 211204, at *6. Not only did defendant have access to plaintiffs' personnel and payroll records, but when it provided those files to plaintiffs defendant referred to itself as "Chipotle" and stated that "Chipotle is required by law to provide upon request an employee's personnel file," making no mention of any other entity. (Aiwazian Decl. Ex. A.) Although plaintiffs listed "Chipotle Mexican Grill Service" on their administrative complaints, they appeared to believe that it and defendant were the same entity, as they later refer to them interchangeably as "Chipotle." (See, e.g., McGawn Decl. Ex. A.) To this end, plaintiffs' counsel also represents that she searched for "Chipotle Mexican Grill Service" in the Colorado, California, and Delaware Secretary of State's business listings but only found an entry for defendant, which lists the same address as on plaintiffs' paystubs. (Parker Decl. ¶ 2, Ex. A (Docket No. 21); Cavanagh Decl. Ex. K.) These facts indicate that plaintiffs were diligent in determining the proper party to sue.[1]

Moreover, defendant's conduct was equivocal despite its

---

[1] Plaintiff also points to a prior employment suit against defendant, Hernandez v. Chipotle Mexican Grill, Inc., 208 Cal. App. 4th 1487 (2d Dist. 2012), which notably makes no mention of the entities defendant now asserts were responsible for its California employees. It is not clear, however, when plaintiffs' counsel researched this prior suit and whether this further influenced plaintiffs' belief that defendant was the proper party to sue here.

5

denials that it was not plaintiffs' employer.  Defendant's Answer admitted plaintiffs' allegation that defendant "employed 37,310 employees," (Am. Answer ¶ 11; Compl. ¶ 1, 11), and asserted an affirmative defense that its employment decisions regarding plaintiffs were done for legitimate business reasons, (Am. Answer at 18:17-23).  In the JSR, although defendant asserted that it did not employ plaintiffs, it also explained the exact reasons each plaintiff was fired.[2]  (JSR at 2:10-3:14.)  These actions are entirely consistent with plaintiffs' belief that defendant was their employer.  Thus, based on defendant's equivocal conduct and the apparent close relation between it and the additional defendants, plaintiffs were not entirely unreasonable in assuming that defendant was not the proper entity to sue.  See Thompson, 2013 WL 211204, at *6.

Finally, plaintiffs were diligent in seeking amendment once it was clear they needed to do so.  See Johnson, 975 F.2d at 609 (determining that the plaintiff was not diligent because he "[f]ail[ed] to heed clear and repeated signals that not all the necessary parties had been named in the complaint").  As discussed above, plaintiffs relied on defendant's indications it was involved in their employment and would cooperate with them by providing employment related information.  After the court filed the Scheduling Order, it became clear to plaintiffs that they

---

[2] Unlike cases where courts have denied leave to amend because the plaintiffs were not diligent, defendant here did not point plaintiffs to the correct entity to sue.  See Johnson, 975 F.2d at 606-07 (determining that the plaintiff was not diligent in part because plaintiff did not seek leave to amend after defendant notified plaintiff of the proper party).

needed to add additional parties when defendant refused to provide various interrogatory responses because it was not plaintiffs' employer. (See Aiwazian Decl. ¶ 3-7, 9, Ex. B.)

Ten days after receiving defendant's interrogatory responses, plaintiffs' counsel made the first of multiple attempts to discuss with defendant's counsel their contention that they did not employ plaintiffs. (Id. at ¶¶ 5-9, Exs. C-D.) Defendant's counsel responded a month after plaintiffs' counsel's first email. Id. Plaintiffs then filed the present motion on May 12, 2014, twelve days after the parties met regarding the interrogatory responses. (Id. at ¶ 9.) Because plaintiffs quickly followed up with defendant and filed this motion soon after it became apparent they needed to join additional parties, plaintiffs conduct favors a finding of diligence.

Accordingly, because plaintiffs were diligent in seeking amendment, the court finds they have demonstrated good cause under Rule 16. See Johnson, 975 F.2d at 609.

B.  Rule 15

Having determined that plaintiffs satisfy Rule 16's good cause standard, the court must still determine whether plaintiffs fulfill the requirements of Rule 15. Id. at 608. "Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

7

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

"Because Rule 16(b)'s 'good cause' inquiry essentially incorporates the [previous] factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile." Lewis v. Russell, Civ. No. 2:03-2646 WBS CKD, 2012 WL 4711959, at *3 (E.D. Cal. Oct. 3, 2012); see also Algee v. Nordstrom, Inc., No. C 11-301 CW, 2011 WL 6779324, at *2 (N.D. Cal. Dec. 27, 2011).  However, denial of leave to amend on futility grounds alone is rare.  Netbula v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." Id.  The court will do so here.

Accordingly, because plaintiffs' diligence satisfies Rule 16's "good cause" requirement, and the court cannot conclude at this stage that amendment would clearly be futile under Rule 15, the court will grant plaintiffs' motion.

IT IS THEREFORE ORDERED that plaintiffs' motion to modify the scheduling order and for leave to file an amended complaint be, and the same hereby is, GRANTED.

Plaintiffs shall file the FAC naming the additional defendants within ten days of the date this Order is signed.

Dated:  July 1, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE