UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DANISHA HARRIS; ANTANISHA WILEY; DEONTE MASK; JASON RYAN; individually, and on behalf of other members of the general public similarly situated,

        Plaintiffs,

   v.

CHIPOTLE MEXICAN GRILL, INC., a Delaware corporation; and DOES 1 through 10, inclusive,

        Defendants.

NO. CIV 2:13-2472 WBS EFB

MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

----oo0oo----

        Plaintiffs Danisha Harris, Antanisha Wiley, Deonte Mask, and Jason Ryan brought this action on behalf of themselves and others similarly situated against defendants Chipotle Mexican Grill, Inc.; Chipotle Mexican Grill Service Co., LLC; CMG Service Co., LLC; and Chipotle Services, LLC, arising out of defendants' allegedly discriminatory employment practices.  Presently before

1

the court is plaintiffs' motion to strike portions of defendants' Answer to plaintiff's First Amended Complaint ("FAC").

### I. Factual and Procedural Background

Plaintiffs filed their Complaint on November 26, 2013, asserting defendant Chipotle Mexican Grill, Inc. violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 et seq.; and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940 et seq. (Compl. (Docket No. 1).) Defendant filed its Answer, (Docket No. 6), and plaintiffs moved to strike eighteen of the affirmative defenses therein, (Docket No. 8). In lieu of filing an opposition to the motion to strike, defendant filed a First Amended Answer, but the court ruled it was untimely under Rule 15(a)(1)(A), (Jan. 24, 2014 Order at 2:7-9 (Docket No. 11)). Construing the untimely filing as a request for leave to file an amended answer, the court granted such leave. (Id.) The court ordered that "after defendant files its amended answer, plaintiffs may file a subsequent motion to strike if doing so is truly necessary and the particularity plaintiffs seek cannot be obtained through interrogatories." (Id. at 2:19-22.)

Plaintiffs subsequently moved to amend their Complaint to join the additional defendants and, having been granted leave to do so for good cause, (Docket No. 23), filed their FAC. Plaintiffs now move to strike twenty-one affirmative defenses in defendants' Answer to the FAC as well as defendants' reservation of their right to amend the Answer and request for costs and attorneys' fees. (Mot. to Strike (Docket No. 30).)

II.   Analysis

Rule 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation marks, citation, and first alteration omitted), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

Affirmative defenses can be challenged as a matter of pleading or as a matter of law. See Dodson v. Strategic Rests. Acquisition Co. II, LLC, 289 F.R.D. 595, 603 (E.D. Cal. 2013) (Karlton, J.). An affirmative defense fails as a matter of law if it "lacks merit under any set of facts the defendant might allege." Id. (internal quotation marks omitted and citation omitted). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Kohler v. Islands Rest., 280 F.R.D. 560, 564 (S.D. Cal. 2012) (quoting Wyshak v. City Nat'l. Bank, 607 F.2d 824, 827 (9th Cir. 1979)).[1]

---

[1] The court acknowledges the disagreement among district courts in the Ninth Circuit--including between different judges within this district--over whether affirmative defenses must meet the plausibility pleading standard of Bell Atlantic Corporation v. Twombly, 550 U.S. 554 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Compare Kohler v. Islands Rests., 280 F.R.D. 560, 566 (S.D. Cal. 2012) (declining to extend the Twombly/Iqbal pleading standard to affirmative defenses), with Dion v. Fulton Friedman & Gullace LLP, Civ. No. 3:11-2727, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012) (applying the Twombly/Iqbal standard). The court need not reach this question here, as any affirmative

3

Because motions to strike are "often used as delaying tactics," they are "generally disfavored" and are rarely granted in the absence of prejudice to the moving party. Rosales v. Citibank, FSB, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001); see also N.Y.C. Emps.' Ret. Sys. v. Berry, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) ("Where the moving party cannot adequately demonstrate . . . prejudice, courts frequently deny motions to strike even though the offending matter was literally within one or more of the categories set forth in Rule 12(f)." (citation and internal quotation marks omitted)).  Courts may find prejudice "where superfluous pleadings may confuse the jury, or where a party may be required to engage in burdensome discovery around frivolous matters." J & J Sports Prods., Inc. v. Luhn, Civ. No. 2:10-3229 JAM CKD, 2011 WL 5040709, at *1 (E.D. Cal. Oct. 24, 2011) (citations omitted).

   A. Affirmative Defenses One ("Lack of Standing"), Two ("Failure to State a Claim"), Five ("Lack of Authorization and/or Ratification"), Ten ("Avoidable Consequences"), Eleven ("Failure to Mitigate Damages"), Twenty-Seven ("Adequacy of Remedy at Law"), and Twenty-Eight ("Unconstitutionality of Punitive Damages")

Plaintiffs argue the affirmative defenses in this group are not actually affirmative defenses and should be stricken on that basis.  (Mem. in Support of Mot. to Strike at 9-12 (Docket No. 30).)  "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic

---

defenses that are insufficiently pled would fail to satisfy either standard.

4

v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002); see also Dodson v. Munirs Co., Civ. No. S-13-0399 LKK DAD, 2013 WL 3146818, at *8 (E.D. Cal. June 18, 2013).  The court agrees that "failure to state a claim" and at least some other defenses in this category are not truly affirmative in nature.  See Dodson, 2013 WL 3146818, at *8 (striking affirmative defense alleging failure to state a claim because it "address[es] elements of plaintiff's prima facie case" and is "properly addressed through denial or an appropriate motion").[2]

Regardless of whether or not these defenses are properly characterized as "affirmative," the court will deny plaintiffs' motion to strike them because plaintiffs have failed to show they will suffer any prejudice if the defenses are left in the defendants' Answer.  See Rosales, 133 F. Supp. At 1180.  The court cannot conceive how these defenses will "cost both the parties and the [c]ourt unnecessary time and resources."  (Mem. in Support at 5:10-12.)  In fact, it is more likely the parties

---

[2]     However, the court notes that, at least with respect to Title VII, "the burden of proving a failure to mitigate damages in an employment discrimination suit is on defendant." Cassella v. Mineral Park, Civ. No. 08-1196 PHX MHM, 2010 WL 454992, at *5 (D. Ariz. Feb. 9, 2010) (citing Sias v. City Demonstration Agency, 588 F.2d 692, 697 (9th Cir. 1978)).
    Additionally, the court acknowledges that it has previously granted motions to strike affirmative defenses on the basis that a defendant has improperly plead the defense as "affirmative."  See, e.g., Nat'l Grange of the Order of Patrons of Husbandry v. Cal. State Grange, Civ. No. 2:14-676 WBS DAD, 2014 WL 3837434, at *2 (E.D. Cal. Jul. 30, 2014).  However, as motions to strike have seem to become the order of the day in this district, and out of concern for judicial resources, the court must be diligent in its assessment of whether affirmative defenses actually prejudice plaintiffs.

and the court have already needlessly expended more resources on this motion.[3]

        B. <u>Affirmative Defenses Twenty ("No Certifiable Class"), Twenty-One ("No Common Issues"), Twenty-Two ("Inadequacy of Class Representative"), Twenty-Three ("Lack of Typicality"), Twenty-Four ("Inadequacy of Plaintiffs' Counsel"), Twenty-Five ("Lack of Numerosity"), and Twenty-Six ("Lack of Superiority")</u>

        Plaintiffs argue defenses in this group "are mere arguments pertaining to class suitability" and are improperly alleged as affirmative defenses. (Mem. in Support at 13:4-8.) Plaintiffs also argue defendants allege no facts in support of these defenses. (<u>Id.</u> at 13:8-9.) Because it is plaintiffs' burden to show the class is certifiable under Rule 23, <u>see</u> <u>Mantolete v. Bolger</u>, 767 F.2d 1416, 1424 ("[T]he plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Rule 23] are satisfied or that discovery is likely to produce substantiation of the class allegations."), defendants need not support these defenses with facts. Furthermore, while it is true these assertions are not technically "affirmative defenses," the court cannot conceive of how the presence of these assertions in the Answer will prejudice

---

[3] In their Reply, plaintiffs state their discovery requests have been "met with untimely responses, boilerplate objections, and a stated refusal to engage in 'informal discovery.'" (Reply at 1:2-14 (Docket No. 35).) Furthermore, they state "defendants' strategy of delaying discovery and withholding documents and information has the potential to work extreme prejudice to plaintiffs' ability to prepare a class certification motion and ready this case for trial." (<u>Id.</u>) However, Federal Rule of Civil Procedure 37 is the proper vehicle for seeking a remedy for defendants' alleged non-compliance with discovery requests.

1  plaintiffs.  See Rosales, 133 F. Supp. at 1180.
2          C. Affirmative Defenses Four ("Failure to Exhaust
3  Internal Complaint Resolution Procedure"), Eight ("No Vicarious
4  Liability"), and Twelve ("Prevention and/or Correction of Alleged
5  Behavior")
6          Plaintiffs argue the defenses in this group should be
7  stricken because they are immaterial to plaintiffs' claims.
8  (Mem. in Support of Mot. to Strike at 11:13-20.)  The court
9  agrees that defendants' eighth affirmative defense applies to
10 allegations of harassment in "hostile work environment" cases,
11 which are not at issue in this action.  See Faragher v. City of
12 Boca Raton, 524 U.S. 775, 807 (1998) (noting in certain
13 circumstances "[a]n employer is subject to vicarious liability to
14 a victimized employee for an actionable hostile environment");
15 see also State Dep't. of Health Servs. v. Superior Court, 31 Cal.
16 4th 1026, 1040 (2003) (discussing the standard for supervisor
17 liability under FEHA as it applies in harassment cases).  The
18 same is true of defendants' fourth defense, which alleges
19 plaintiffs failed to exhaust the internal complaint resolution
20 procedure.  See Faragher, 524 U.S. at 807 (holding a plaintiff's
21 failure to take advantage of preventative or corrective
22 procedures may be raised as an affirmative defense in a
23 harassment case when no tangible employment action has been
24 taken); State Dep't. of Health, 31 Cal. 4th at 1048 (holding
25 employee's failure to report harassment may serve to reduce
26 damages available in a sexual harassment case).  Because it is
27 foreseeable that the inclusion of these defenses could lead
28 plaintiffs to burdensome yet futile discovery, see J & J Sports

Prods., 2011 WL 5040709, at *1, the court will grant plaintiffs' motion with respect to defenses four and eight.

The court, however, is not inclined to strike the twelfth defense. Section 12940(k) of the California Government Code makes it unlawful for an employer to fail to take "all reasonable steps necessary" to prevent discrimination and harassment from occurring. Cal. Gov't. Code § 12940(k). In their FAC, plaintiffs do not allege defendants failed to take reasonable steps to prevent discrimination. However, because they bring a claim under "Government Code § 12940 et seq," it is at least conceivable that defendants' use of "reasonable care" will be an issue. Although the twelfth defense is perhaps mischaracterized as "affirmative," this alone is an insufficient basis for striking it. See Rosales, 133 F. Supp. At 1180. The court will deny plaintiffs' motion to strike the twelfth defense.

D. Affirmative Defenses Seven ("Managerial Privilege"), Thirteen ("After Acquired Evidence"), and Fourteen ("Unclean Hands")

Defendants' seventh and fourteenth defenses are barebones recitations of legal doctrines with no supporting facts and no apparent connection to the allegations in plaintiffs' FAC. (See Ans. at 20:17-21, 23:10-14.) When asserting an affirmative defense, "[a] reference to a doctrine, like a reference to statutory provisions, is insufficient notice." Quarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004). As such, defenses seven and fourteen conceivably pose a risk that plaintiffs will have to engage in futile discovery and will be stricken. See Rosales, 133 F. Supp. at 1180.

8

   E. <u>Affirmative Defense Nine ("Workers' Compensation as Exclusive Remedy")</u>

   Defendants assert the causes of action in the FAC "are barred, in whole or in part, because the exclusive remedy for the damages asserted by plaintiffs is provided by the California Workers' Compensation Act, California Labor Code §§ <u>et seq</u>." (Ans. at 21:6-16.) In their Opposition, defendants attempt to clarify that "[they] are not asserting by this defense that all FEHA claims are necessarily precluded by workers' compensation, but, instead, that some of the claims and/or recoveries to which plaintiffs or the named class members may be entitled <u>may be precluded</u> to the extent that they overlap with parallel workers' compensation claims that <u>they may be pursuing</u> against defendants." (Opp'n. at 12:23-27 (emphasis added).) This defense, purely hypothetical and supported by no factual basis, risks sending plaintiffs on a fishing expedition, <u>see</u> <u>J & J Sports Prods.</u>, 2011 WL 5040709, at *1, and the court will grant plaintiffs' motion to strike it.

   F. <u>Request for Attorneys' Fees and Reservation of Right to Amend</u>

   Plaintiffs also move to strike defendants' reservation of their right to amend the Answer and request for costs and attorneys' fees. Because plaintiffs have failed to show they will be prejudiced by these requests, the court will deny their motion to strike them. <u>See</u> <u>Rosales</u>, 133 F. Supp. At 1180.

   IT IS THEREFORE ORDERED that plaintiffs' motion to strike defendants' affirmative defenses be, and the same hereby is, GRANTED as to the fourth defense ("Failure to Exhaust

9

Internal Complaint Resolution Procedures"), seventh defense ("Managerial Privilege"), eighth defense ("No Vicarious Liability"), ninth defense ("Workers Compensation as Exclusive Remedy"), and fourteenth defense ("Unclean Hands"), and DENIED in all other respects.

Defendant has twenty days from the date this Order is signed to file an amended answer if it can do so consistent with this Order.

Dated: October 6, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE